FILED

FEB 17 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ROBERT S. BREWER
United States Attorney
MARK W. PLETCHER (Colorado Bar No. 034615)
ANDREW J. GALVIN (California Bar No. 261925)
Assistant U.S. Attorneys
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9714
Email: mark.pletcher@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>COLAS DJIBOUTI, LLC<br><br>Defendant. | Case No. 21CR0280-WQH<br><br>DEFERRED PROSECUTION AGREEMENT |

IT IS HEREBY AGREED between the UNITED STATES OF AMERICA, through its counsel, Robert S. Brewer, United States Attorney, and Mark W. Pletcher and Andrew J. Galvin, Assistant United States Attorneys, and Colas Djibouti, SARL, with the advice and consent of Frederic M. Levy and James Garland, counsel for defendant:

**RELEVANT PARTIES**

1. Colas Djibouti hereby enters into this Deferred Prosecution Agreement ("DPA") with the United States Attorney's Office for the Southern District of California (the "USAO"). Simultaneous with the filing of the DPA, Colas Djibouti will also enter into a civil settlement agreement, filed herewith, to resolve any potential civil claims under the False Claims Act, the Program Fraud Civil Remedies Act, the Contract Disputes Act, and common law theories of unjust enrichment and fraud.

Def. Init. ___

### CRIMINAL INFORMATION AND ACCEPTANCE OF RESPONSIBILITY

2. Colas Djibouti acknowledges and agrees that the USAO will file a Criminal Information, charging Colas Djibouti with Conspiracy to Commit Wire Fraud in violation of Title 18, United States Code, Sections 1349, 1343. Colas Djibouti knowingly waives its right to Indictment on this charge. Colas Djibouti further knowingly waives any objection based on the statute of limitations; subject matter, personal, or extra-territorial jurisdiction; or venue for filing the Information and the DPA in the United States District Court for the Southern District of California.

3. Colas Djibouti admits, accepts, and acknowledges that it is responsible for the acts of its officers, employees, and agents. Colas Djibouti admits, accepts, acknowledges, and stipulates that the facts set forth in the Statement of Facts, attached hereto as Exhibit A (and incorporated herein by reference), are true and accurate and had this case proceeded to trial, the United States would have proven these facts beyond a reasonable doubt. Should the USAO pursue the prosecution that is deferred by this Agreement, Colas Djibouti agrees that it will neither contest the admissibility of, nor contradict the facts as stated in, the Information and the Statement of Facts in any proceeding, including during trial, guilty plea, or sentencing.

### TERM OF THE AGREEMENT

4. This Agreement is effective for a period beginning on the date on which the Information is filed and ending two years from that date (the "Term"). Colas Djibouti agrees that in the

Def. Init. ⎿⎿

event that the USAO determines that Colas Djibouti has knowingly violated any provision of this Agreement, an extension of the Term may be imposed by the USAO in its sole discretion for up to an additional period of one year, without prejudice to the USAO's rights to proceed as provided in Paragraphs 13 through 16.

### COOPERATION AND DISCLOSURE REQUIREMENTS

5. Colas Djibouti shall cooperate fully with the USAO in any and all matters relating to the conduct described in this Agreement and the Statement of Facts. At the request of the USAO, Colas Djibouti shall also cooperate fully with any domestic or foreign law enforcement and regulatory authorities and agencies in any investigation of Colas Djibouti or any of its present or former officers, employees, agents, and consultants, or any other party. Colas Djibouti agrees that its cooperation pursuant to this paragraph shall include, but not be limited to, the following:

    a. Colas Djibouti shall truthfully disclose all factual information not protected by a valid claim of attorney-client privilege with respect to its activities, and those of its present and former officers, employees, agents, and consultants about which the USAO may inquire. This obligation of truthful disclosure includes, but is not limited to, the obligation of Colas Djibouti to provide to the USAO, upon request, any document, record, or other tangible evidence in its possession, and a certification attesting to the authenticity of any such document, record, or other tangible evidence.

    b. Upon request of the USAO, Colas Djibouti shall designate knowledgeable employees, agents, or attorneys to provide to the USAO the information and materials described in Paragraph

3

Def. Init. [_]

5(a) on behalf of Colas Djibouti. Colas Djibouti must at all times provide complete, truthful, and accurate information.

      c. Colas Djibouti shall use its best efforts to identify and make available for interviews or testimony, as requested by the USAO, present or former officers, employees, agents and consultants. This obligation includes, but is not limited to, interviews with U.S. or foreign law enforcement and regulatory authorities, sworn testimony before a federal grand jury, in a federal trial, or any other proceeding.

      d. With respect to any information, testimony, documents, records, or other tangible evidence provided to the USAO under this Agreement, Colas Djibouti consents to any and all disclosures, subject to applicable law and regulations, to other governmental authorities, including United States authorities and those of a foreign government of such materials as the USAO, in its sole discretion, shall deem appropriate.

6. In addition to the obligations in Paragraph 5, during the Term, should Colas Djibouti learn of credible evidence or allegations of any violation of U.S. federal law, Colas Djibouti shall promptly report such evidence or allegations to the USAO.

**FORFEITURE**

7. As set forth in the attached Forfeiture Addendum, incorporated herein by reference, Colas Djibouti agrees to forfeit $8,000,000 to the United States, as directed by the USAO.

**RESTITUTION**

8. Colas Djibouti agrees to pay restitution in the full amount of the victim's losses, pursuant to 18 U.S.C. §§ 3556, 3663A(c)(1)(A)(ii) and 3664(f)(1)(A), in the amount of

4

Def. Init. ___

$10,042,002, payable on the date on which the Information is filed, to the U.S. Department of the Navy, as directed by the USAO.

Any amounts forfeited subject to the attached Forfeiture Addendum will be credited against this restitution obligation, whether or not funds are submitted for restoration or restored.

### CRIMINAL FINE

9. Colas Djibouti further agrees to pay a criminal fine in the amount of $2,500,000 on the date on which the Information is filed, as directed by the USAO. This amount is a final payment and shall not be refunded. Nothing in this Agreement shall be deemed acquiescence by the USAO that this amount is the maximum criminal fine that may be imposed in any future prosecution, and the USAO shall not be precluded in such a prosecution from arguing that the Court should impose a higher criminal fine or additional monetary penalties. The USAO agrees, however, that in the event of a subsequent breach and prosecution, it will recommend to the Court that the criminal fine paid pursuant to this Paragraph be credited toward whatever criminal fine the Court subsequently imposes. Such a recommendation will not be binding on the Court.

### GOVERNMENT COMMITMENT

10. In consideration of (1) the actions of Colas Djibouti in voluntarily conducting an investigation by outside legal counsel regarding the matters described in the attached Statement of Facts and other matters disclosed to the USAO; (2) the cooperation of Colas Djibouti with the investigation conducted by the USAO; and (3) the willingness of Colas Djibouti to acknowledge responsibility for its conduct and that of its subsidiaries, affiliates, agents, and representatives and to continue its

Def. Init. _I/I_

cooperation with the USAO, the USAO agrees that any prosecution of Colas Djibouti for the conduct set forth in the attached Statement of Facts, and for all other conduct Colas Djibouti disclosed to the USAO prior to the date of this Agreement concerning its business activities in the Republic of Djibouti, be and hereby is deferred for a period of two years from the date of this Agreement.

### TERMS OF DISMISSAL

11. The USAO agrees that if at the end of the two-year term of this Agreement, Colas Djibouti is, and has been, in full compliance with all of its obligations under this Agreement, the USAO will not continue the criminal prosecutions against Colas Djibouti described in Paragraph 2, will not bring any additional charges against Colas Djibouti relating to the conduct described in this Agreement and the Statement of Facts, will move to dismiss the Information, and this Agreement shall expire.

### BREACH OF THE AGREEMENT

12. If, during the Term, the USAO determines that Colas Djibouti has violated any term of this Agreement, Colas Djibouti shall thereafter be subject to prosecution for the conduct set forth in the Statement of Facts. The statute of limitations for any such criminal conduct shall be tolled between January 1, 2018 and the end of the Term – including any extension – plus one year.

13. If the USAO determines that Colas Djibouti has violated this Agreement, the USAO agrees to provide Colas Djibouti with written notice thereof prior to instituting any prosecution. Within 30 days of such notice, Colas Djibouti shall have the opportunity to respond to the USAO in writing to explain the nature

Def. Init. 1/1

and circumstances of the violation, as well as the actions Colas Djibouti has taken to remedy the violation of this Agreement.

14. In the event Colas Djibouti violates this Agreement and the USAO initiates a criminal prosecution: (a) all statements made by or on behalf of Colas Djibouti to the USAO or to the Court, including the Statement of Facts, and any testimony given by or on behalf of Colas Djibouti before a grand jury, a court, any tribunal, or at any legislative hearings, whether prior or subsequent to this Agreement, or any leads derived from such statements or testimony, shall be admissible in evidence in any and all criminal proceedings brought by the USAO against Colas Djibouti; and (b) Colas Djibouti shall not assert any claim under the Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by or on behalf of Colas Djibouti, specifically, including without limitation, those within the Statement of Facts, prior or subsequent to this Agreement, and any leads derived therefrom, should be suppressed.

15. Colas Djibouti acknowledges that the USAO has made no representations, assurances, or promises concerning what sentence may be imposed by the Court if Colas Djibouti were to breach this Agreement and this matter proceeded to judgment and sentencing. At any future sentencing hearing, Colas Djibouti acknowledges that the sentence is solely within the discretion of the Court and that nothing in this Agreement binds or restricts the Court in the exercise of its discretion. At any future sentencing hearing, the USAO may advocate for any lawful sentence.

Def. Init. 1,1

**LIMITATION ON BINDING EFFECT OF AGREEMENT**

16. This Agreement is binding on Colas Djibouti and the USAO and does not bind any other federal agencies, or any state, local or foreign law enforcement or regulatory agencies, or any other authorities, in any criminal, civil or administrative proceeding, although the USAO will bring Colas Djibouti's cooperation under this Agreement to the attention of such agencies and authorities if requested to do so by Colas Djibouti.

17. This Agreement provides no protection against criminal prosecution or civil or administrative action against any present or former director, officer, employee, agent, representative, consultant, or contractor of Colas Djibouti, or any other entity, for any violations committed by them.

**SUCCESSOR LIABILITY**

18. Colas Djibouti agrees that in the event it, during the Term, including any extension, sells, merges, or transfers all or substantially all of its business operations, whether such is structured as a stock or asset sale, merger, or transfer, or otherwise ceases to do business as Colas Djibouti, its parent company, Colas, S.A., shall thereupon become its successor in interest in each and every obligation described in this Agreement.

**COMPLETE AGREEMENT**

19. This Agreement sets forth all the terms of the Agreement between Colas Djibouti and the USAO. No modifications or additions to this Agreement shall be valid unless they are in writing and signed by the USAO, the attorneys for Colas Djibouti, and a duly authorized representative of Colas Djibouti.

Def. Init. \_\_\_

**NOTICE**

20. Any notice under this Agreement shall be made by personal, overnight delivery by a recognized delivery service, or registered or certified mail, addressed to the Chief - Major Fraud and Public Corruption Section, United States Attorney's Office, Room 6293, 880 Front Street, San Diego, California 92101, and for Defendant c/o Frederic Levy, Covington & Burling, One CityCenter 850 Tenth Street, NW Washington, DC 20001-4956.

2/3/2021
DATED

ROBERT S. BREWER
United States Attorney

MARK W. PLETCHER
ANDREW J. GALVIN
Assistant U.S. Attorneys

January 19, 2021
DATED

FREDERIC M. LEVY, ESQ
JAMES GARLAND, ESQ
Defense Counsel

11th DECEMBER 2020
DATED

THIERRY MADELON
CHIEF EXECUTIVE OFFICER
Colas Djibouti, SARL

9

Def. Init.

## COMPANY OFFICER'S CERTIFICATE

I, Thierry Madelon, certify that I am the Chief Executive Officer for Colas Djibouti, and I am authorized to execute this Agreement.

I have read this Agreement and carefully reviewed every part of it with outside counsel for Colas Djibouti. Counsel fully advised me of Colas Djibouti's rights, possible defenses, the relevant Sentencing Guidelines provisions, and the consequences of entering into this Agreement. I, on behalf of Colas Djibouti, understand the terms of this Agreement and knowingly and voluntarily agree, on behalf of Colas Djibouti, to its terms.

No promises or inducements have been made other than those contained in this Agreement. No one has threatened or forced me, or, to my knowledge, any person authorizing this Agreement on Colas Djibouti's behalf, in any way to enter into this Agreement. I am satisfied with outside counsel's representation in this matter.

11th DECEMBER 2020

DATED

Thierry Madelon,
Chief Executive Officer
COLAS DJIBOUTI, SARL

10

Def. Init.

## CERTIFICATE OF COUNSEL

I am counsel for Colas Djibouti in the matter covered by this Agreement. In connection with such representation, I have examined relevant Colas Djibouti documents and have discussed the terms of this Agreement with the Colas Djibouti's Board of Directors. I have fully advised them of Colas Djibouti's rights, possible defenses, the relevant Sentencing Guidelines' provisions, and the consequences of entering into this Agreement. Based on our review of the foregoing materials and discussions, I am of the opinion that the representative of Colas Djibouti has been duly authorized to enter into this Agreement on Colas Djibouti's behalf; that this Agreement has been duly and validly authorized, executed, and delivered on Colas Djibouti's behalf; and that this Agreement is a valid and binding obligation of Colas Djibouti. To my knowledge, Colas Djibouti's decision to enter into this Agreement is an informed, knowing, and voluntary one.

December 16, 2020
DATED

FREDERIC M. LEVY, Esq.
Covington & Burling, LLP
Attorney for Colas Djibouti

11          Def. Init.

## SUCCESSOR IN INTEREST AGREEMENT

I, Frédéric GARDES, certify that I am CEO for Colas S.A., and I am authorized to execute this agreement on its behalf.

I have read this Agreement and carefully reviewed every part of it with outside counsel for Colas S.A. Counsel has fully advised me of Colas S.A.'s rights, possible defenses, the relevant Sentencing Guidelines provisions, and the consequences of entering into this Agreement. I have further carefully reviewed the terms of this Agreement with Colas S.A.'s Board of Directors, and I have caused Colas S.A.'s outside counsel to advise the Board of Directors fully of Colas Djibouti's rights, possible defenses, the relevant Sentencing Guidelines' provisions, and the consequences of entering into the Agreement.

I understand the terms of this Agreement and knowingly and voluntarily agree, on behalf of Colas S.A., that should Colas Djibouti sell, merge, or transfer all or substantially all of its business operations, whether such is structured as a stock or asset sale, merger, or transfer, or otherwise effectively ceases to do business as Colas Djibouti, whether or not the Colas Djibouti corporate entity remains in existence, Colas S.A. shall immediately thereupon assume each and every one of Colas Djibouti's obligations under this Agreement, as its successor in interest, including, but not limited to, the obligation to make complete restitution, to remit the prescribed forfeiture and monetary penalty, and to cooperate fully with the USAO.

11/12/20
DATED

COLAS S.A.

12

Def. Init.