**FORFEITURE ADDENDUM**

A. Property Subject to Forfeiture. As set forth in Paragraph 7 of the Deferred Prosecution Agreement, Colas Djibouti agrees to forfeit $8,000,000 ("Subject Assets") to the United States.

B. Bases of Forfeiture. Colas Djibouti acknowledges that the Subject Assets are subject to forfeiture as proceeds of criminal activity pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and as substitute assets for property otherwise subject to forfeiture pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c).

C. Consent To Forfeiture. Colas Djibouti consents to the immediate forfeiture of the Subject Assets upon the filing of the Information and the Deferred Prosecution Agreement. Such consent will be considered final and irrevocable as to Colas Djibouti's interests in the Subject Assets. Colas Djibouti agrees to take all steps requested by the United States to pass clear title to the Subject Assets to the United States. Colas Djibouti further agrees to execute any document requested by the United States to facilitate the forfeiture of the Subject Assets, including any substitute asset wherever located, in an amount to fully satisfy the forfeiture. Colas Djibouti further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the Subject Assets, and Colas Djibouti specifically agrees to obtain from any party who has an interest in the Subject Assets any consent forms required to facilitate or complete the forfeiture of the Subject Assets.

D. Forfeiture. Within one day of the filing of the Information and the Deferred Prosecution Agreement, Colas Djibouti agrees to remit $8,000,000, as directed by the U.S. Attorney's Office for the Southern District of California. The parties agree that any amounts

forfeited pursuant to this Forfeiture Addendum shall be credited against the amount of defendant's restitution obligation.

   E.   Waivers of Notice and Requirements. In addition to its immediate and irrevocable consent to the forfeiture of the Subject Assets, Colas Djibouti waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at a sentencing, and incorporation of the forfeiture in a judgment. Defendant further waives the requirements of 18 U.S.C. § 983.

   F.   Waiver of Challenges and Appeal. Colas Djibouti agrees to waive any and all challenges, in any manner, without limitation, (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement.

   G.   Breach. Failure of Colas Djibouti to fully and timely comply with any of the promises or obligations set forth in this Forfeiture Addendum will constitute an immediate, material breach of the Deferred Prosecution Agreement.

11th DECEMBER 2020
DATED

_____
THIERRY MADELON
Chief Executive Officer
COLAS DJIBOUTI, SARL

2